UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                      :

                v.                        :

PETER GHAVAMI                                 :            1:10-CR-01217 (KMW) (JCF)
(aka PETER GHAVAMILAHIDJI)                     :
GARY HEINZ; and                               :
MICHAEL WELTY,                                :
                                              :
                Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/12

## CONSENT ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING THE UNITED STATES' PRODUCTION OF CERTAIN CONSENSUAL RECORDINGS, GOVERNMENT INTERVIEW MEMORANDA, REDACTED THIRD PARTY MATERIAL, AND THIRD PARTY WRITTEN MATERIAL

WHEREAS the United States has produced or intends to produce to the defendants in the above-captioned matter the following materials as to which Privilege Claimant 7, who is identified in the Government's Application for an Order Resolving Claims of Attorney-Client Privilege or Attorney Work Product as to Consensual Recordings (see Docket Entry No. 85 in 10-CR-1217), asserts or may assert privilege:

    a.  Ten (10) redacted consensual recordings identified as CR-0000014; CR-0000018; CR-0000023; CR-0000026; CR-0000028; CR-0000030; CR-0000034; CR-0000040; CR-0000041 and CR-0000043.

    b.  Four (4) redacted Government interview memoranda containing potentially privileged material identified as D.C. 10/13/05; D.C. 4/30/07; D.P. 2/25/09; D.P. 2/26/09.

    c.  Thirteen (13) redacted third party documents dated 11/3/03; 11/4/03; 11/5/03 (8 bear this date); and 11/6/03 (3 bear this date).

1

d. Twenty-three (23) items of third-party written material dated 8/5/02; 8/6/02 (two bear this date); 8/12/02; 8/15/02 (two bear this date); 8/18/02 (four bear this date); 8/28/02 (two bear this date); 9/11/02; 10/24/03; 11/5/03 (three bear this date); and 11/6/03 (six bear this date).

WHEREAS, the United States has represented to defendants that Privilege Claimant 7 has taken the position that the above-identified consensual recordings and Government memoranda are attorney-client privileged communications and/or otherwise contain privileged information.

WHEREAS, the United States has represented to defendants that Privilege Claimant 7 believes that the above-described redacted third party documents and items of written material may also contain privileged information;

WHEREAS, the United States does not believe that any of the above referenced materials are subject to a valid claim of privilege;

WHEREAS, regardless of the merits of any privilege claim by Privilege Claimant 7, the United States, Privilege Claimant 7 and the defendants in the above-captioned matter agree that, if the Court enters this Consent Order pursuant to Fed. R. Evid. 502(d), the defendants shall be permitted to use the consensual recordings insofar as they contain material claimed to be privileged by Privilege Claimant 7 (other Privilege Claimants also assert privilege to portions of  CR-0000023; CR-0000026; CR-0000028; CR-0000030; CR-0000040: CR-0000043) as well as the other material identified in Paragraph 1 above without limitation for any purpose relating to the above-captioned matter (pretrial, trial, or otherwise) as long as such use is consistent with the respective Protective Order in place in this matter dated January 10, 2011; and

2

WHEREAS, the United States, the defendants, and Privilege Claimant 7 have no objection to the entry of this Order:

IT IS HEREBY ORDERED THAT

Pursuant to Fed. R. Evid. 502(d):

(a) The Government's disclosure of the consensual recordings, Government interview memoranda, redacted third party documents, and third party written material identified above to defendants, and defendants' use of the such materials in connection with these proceedings does not constitute a waiver of any valid attorney client privilege or work product protection that Privilege Claimant 7 may have in the above-captioned matter pending before the Court, and

(b) The Government's disclosure of the consensual recordings, Government interview memoranda, redacted third party documents, and third party written material identified above to defendants, and defendants' use of such materials in connection with these proceedings does not constitute a waiver of any valid attorney client privilege or work product protection that Privileged Claimant 7 may have in any other federal or state proceeding pursuant to Fed. R. Civ. P. 26, Fed. R. Crim. P. 16, and /or analogous state rules.

SO ORDERED

THE HONORABLE JAMES C. FRANCIS
United States Magistrate Judge
Dated: New York, New York
June 4, 2012

3