UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                :

UNITED STATES OF AMERICA                :

           v.                                        :

PETER GHAVAMI,                        :          S1:10-cr-01217-KMW
(aka PETER GHAVAMILAHIDJI);      :
GARY HEINZ; and                      :
MICHAEL WELTY,                   :

          Defendants.            :

------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT SUGGESTING THE ABSENCE OF CRIMINAL ACTIVITY IN TRANSACTIONS NOT <u>REFERENCED IN THE BILL OF PARTICULARS</u>


DEIRDRE A. McEVOY                            KALINA M. TULLEY
Chief, New York Field Office                JOHN W. VAN LONKHUYZEN
Antitrust Division                                   JENNIFER M. DIXTON
U.S. Department of Justice                  MICHELLE O. RINDONE
                                                              Trial Attorneys, Antitrust Division
                                                              U.S. Department of Justice
                                                              209 South LaSalle Street, Suite 600
                                                              Chicago, IL 60604
                                                               (312) 353-7530

The Government respectfully submits this Reply Memorandum of Law in support of its Motion *in limine* to exclude evidence and argument suggesting the absence of criminal activity in transactions not referenced in the Bill of Particulars ("BOP").  As set forth in greater detail in the Memorandum of Law in Support of its Motion, the Government argues that Defendants' introduction of transactions suggesting the absence of criminal activity not referenced in the BOP ("non-BOP transactions") is:  (1) inadmissible as irrelevant under Federal Rule of Evidence 402 because well-established Second Circuit precedent precludes the admission of evidence to show the absence of criminal conduct (Gov't Mem. at 4-7); (2) an improper attempt to introduce propensity evidence of Defendants' good character under Federal Rules of Evidence 404(b) (prohibiting use of specific acts to show character for propensity purposes) and 405(a) (prohibiting use of specific acts to prove character) (Gov't Mem. at 7-10); and (3) likely to confuse or mislead the jury and/or waste time.  (Gov't Mem. at 10-11).

In their Opposition, Defendants respond to each of the Government's arguments in turn by setting forth the parameters by which they intend cross-examine witnesses and introduce evidence.  Specifically, Defendants state that they:  (1) "do not intend to use evidence of specific transactions as to which no wrongdoing is claimed simply to contend that there was no wrong-doing in the thirty-eight transactions listed in the Bill of Particulars" (Defs.' Opp'n at 6); (2) will "not adduce evidence of specific conduct beyond the Bill of Particulars simply to establish good character" (*Id.*); and do not seek to "burden or confuse the jury or the Court with detailed proof regarding the hundreds of transactions that took place over the relevant time period."  *Id.*  With that backdrop in mind, the Government addresses Defendants remaining arguments below.

## ARGUMENT

**A.   Defendants should not be permitted to cross-examine witnesses or introduce evidence of non-BOP transactions to establish "context" for their theory of a lack of a "conspiratorial agreement or scheme" because any marginal relevance is outweighed by the risk of confusing the jury as to which transactions are at issue**

Defendants argue that they are "entitled to show the jury the environment in which they actually worked," i.e. "that the defendants and the cooperators worked on numerous reinvestment, escrow and swap transactions day after day, year after year, and that those transactions number in the hundreds." Defs.' Opp'n at 6-7. Characterizing the thirty-eight (38) transactions in the BOP as "disconnected, non-sequential, unrelated, stand-alone transactions," Defendants state that such "context-setting evidence" is necessary to "test whether a conspiratorial agreement or scheme ever existed." *Id.* at 7, 8. Defendants further explain that introducing non-BOP transactions is necessary to "question when, why, how and whether defendants entered into a conspiracy or a scheme with respect to the thirty-eight" transactions listed in the BOP. *Id.* at 8.

The Government reiterates that it is has never alleged that every transaction involving the Defendants either brokering or providing the investment of municipal bond proceeds was corrupt. Nor has the Government suggested that Defendants could and did win or manipulate every transaction they pleased. Alleviating the concerns of the Defendants should be the fact that the Government expects that at least one cooperating witness will testify as to what Defendants describe in their Opposition as "context-setting evidence." That is, the thirty-eight (38) transactions listed in the BOP do not constitute the full extent of the work Defendants performed during the relevant time period. The Government submits that Defendants will be able to effectively cross-examine on such testimony without the need to delve into non-BOP transactions. Allowing Defendants to introduce evidence of non-BOP transactions to establish

the "context" in which the Defendants worked or to test Defendants' theories of whether a "conspiratorial agreement or scheme ever existed," (Defs.' Opp'n at 7), creates the potential to confuse the jury as to which transactions are at issue.

**B.     Defendants should not be permitted to ask cooperating witnesses about non-BOP transactions because cooperating witnesses will not testify about transactions in the BOP absent a sufficient level of personal knowledge**

Defendants also argue that they "expect at least one cooperating witness to testify that while he did not participate in a particular transaction, he now can determine that defendants 'manipulated' the bids . . . because he now sees that the bids have a characteristic that is peculiar to 'manipulated' bids." Defs.' Opp'n at 8.  Defendants' argument continues that "if the Court allows the witness to testify, however, defendants must be free to cross-examine by asking the witness about bids that were not 'manipulated,' but in which the same characteristic appears." *Id.* at 9.  Although describing their anticipated cross-examination as a way of discrediting a witness's direct testimony, introducing non-BOP transactions in this manner has the same effect as offering evidence to show the absence of criminal conduct, which is contrary to well-established Second Circuit precedent. *See, e.g., United States v. Walker*, 191 F.3d 326, 336 (2d Cir, 1999); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990).

Additionally, the Government's Memorandum of Law in Opposition to Defendants' Motion *in limine* to Exclude Vague and Prejudicial Testimony and Evidence Not in the Bill of Particulars sets forth the various ways in which the Government expects its witnesses to testify about the transactions in the BOP. *See* Gov't Opp'n to Defs.' Mot. at 4-5.  The Government's witnesses will not testify about transactions that have certain indicia of a fraudulently manipulated bid, absent a sufficient level of personal knowledge as required by Federal Rule of Evidence 701. *Id.*  Although cooperating witnesses may not recall every detail of every

4

fraudulent deal in which they participated, such witnesses will have the requisite personal knowledge to testify about BOP transactions, including the fact that Defendants and other co-conspirators fraudulently manipulated the bidding process for investment contracts in furtherance of the charged conspiracies and fraudulent schemes.  *Id.*  As such, Defendants should not be permitted to cross-examine witnesses on non-BOP transactions to demonstrate that certain transactions were not manipulated simply based on certain "characteristics."

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court grant the Government's Motion *in limine* to prohibit Defendants from introducing evidence and argument suggesting the absence of criminal activity in transactions not referenced in the Bill of Particulars.  If the Court declines to rule on this Motion, or denies it without prejudice, the Government respectfully requests that the Court order Defendants to provide the Government with prompt notice of what, if any, non-Bill of Particulars transactions Defendants intend to introduce.

Dated: July 9, 2012
New York, New York

Respectfully submitted,

/s/ *Kalina M. Tulley*

| | |
|---|---|
| DEIRDRE A. McEVOY | KALINA M. TULLEY |
| Chief, Antitrust Division | JOHN W. VAN LONKHUYZEN |
| U.S. Department of Justice | JENNIFER M. DIXTON |
| New York Field Office | MICHELLE O. RINDONE |
| | Trial Attorneys, Antitrust Division |
| | U.S. Department of Justice |
| | 209 South LaSalle Street, Suite 600 |
| | Chicago, Illinois 60604 |
| | (312) 353-7530 |