```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 7/16/12         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

PETER GHAVAMI
(aka PETER GHAVAMILAHIDJI),
GARY HEINZ, and
MICHAEL WELTY,

    Defendants.

---

1:10-CR-01217 (KMW)

## CONSENT ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING RULE 17(c) SUBPOENA OF WILMER CUTLER PICKERING HALE AND DORR LLP

WHEREAS this Court on application of Defendants Peter Ghavami, Gary Heinz, and Michael Welty (collectively, "Defendants") issued a Rule 17(c) Subpoena (the "Subpoena") on Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") requiring the production of certain documents concerning Witness A in WilmerHale's possession; and

WHEREAS WilmerHale filed a motion to quash the Subpoena on July 3, 2012, and the Defendants filed an opposition on July 10, 2012; and

WHEREAS, subject to the entry of this Order, WilmerHale and the Defendants have agreed (a) that WilmerHale will satisfy its obligations under the Subpoena (the "Agreement") by providing an oral presentation to Defendants of (1) the statements of Witness A that WilmerHale previously provided to the Government with respect to the four transactions in the Bill of Particulars identified in the Government's March 28, 2012 letter to the Defendants, and (2) any general exculpatory statements by Witness A that WilmerHale previously provided to the

Government, and (b) to cooperate on a written memorialization of certain of these statements; and

WHEREAS WilmerHale has agreed to withdraw its Motion to Quash if the Subpoena is so limited and this Order is entered; and

WHEREAS the Government expresses no objection to this Order,

IT IS HEREBY ORDERED THAT

Pursuant to Federal Rule of Evidence 502(d), WilmerHale's disclosure of information and documents pursuant to the Agreement (or the use of said information and documents by any party to the above-captioned proceeding) does not constitute a waiver of attorney-client privilege or work product protection held by WilmerHale or its client, Financial Institution C, in the above-captioned matter pending before the Court, or in any other Federal or State proceeding.

SO ORDERED

Dated July 16, 2012

*[signature]*
THE HONORABLE KIMBA M. WOOD
United States District Judge