USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

PETER GHAVAMI, GARY HEINZ
and MICHAEL WELTY,

                  Defendants.

------------------------------------------------------------x

10 CR 1217 (KMW)

ORDER

WOOD, D.J.:

        With respect to the Government's Motion *In Limine* to Exclude Evidence and Argument Suggesting the Absence of Criminal Activity in Transactions Not Referenced in the Bill of Particulars, the Court agrees with the well-reasoned December 7, 2011, decision by Judge Marrero on a similar motion in <u>U.S. v. Rubin/Chambers, Dunhill Insurances Services, et al</u>, 09 CR 1058. The Court notes, in particular, the following passage from Judge Marrero's decision:

> "The potential relevance of the Uncharged Transactions as evidence of the Defendants' intent in the Overt Act Transactions is diminished because Defendants' argument as to relevance is founded upon the implicit and questionable assumption that if they had intended to rig the bidding in certain circumstances, they would have done so in all similar situations. Indeed, there is a competing and compelling explanation for the presence of such innocent acts in the context of a complex scheme such as the one alleged here: In an effort to mask their general manipulation of the market, it is plausible that Defendants chose not to manipulate each and every transaction in which they participated so as to avoid arousing suspicion. Depending on the evidence adduced regarding the circumstances of particular Uncharged Transactions, this latter inference could be more compelling than the implication advanced by Defendants. If so, evidence of the Uncharged Transaction at issue may be properly excluded as irrelevant and of de minimis probative value." (at page 20)

        For all the reasons stated by Judge Marrero in his decision, the Court will review, pretrial, any evidence related to Uncharged Transactions that Defendants seek to introduce at

trial, after Defendants have given the Government notice of the evidence they intend to introduce, sufficient for the Government to review any related documents and prepare witness examinations, and to challenge the admissibility of that evidence.

The Court grants the instant motion, except as to evidence the Court finds satisfies the tests of relevance and Fed. R. Evid. Rule 403.

SO ORDERED.

DATED: New York, N.Y.
July 19, 2012

_____
KIMBA M. WOOD
United States District Judge