USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

PETER GHAVAMI, GARY HEINZ, and
MICHAEL WELTY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10 Cr. 1217 (KMW)
**ORDER**

KIMBA M. WOOD, U.S.D.J.:

In its Motion in Limine to Question Cooperating Witnesses about Certain Recorded Conversations, (Dkt. No. 156), the Government seeks to elicit lay opinion testimony from certain cooperating witnesses regarding the content of recorded statements made by those witnesses and other co-conspirators, including Defendants. Federal Rule of Evidence ("Rule") 701 permits lay opinion testimony as long as the opinion being offered is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [governing expert testimony]." Fed. R. Evid. 701. In general, a co-conspirator witness's testimony will satisfy Rule 701 where it is based on the witness's participation in the conspiracy, and will consist of identification of speakers on recordings, provide background and context for ambiguous conversations, identify the subjects discussed, and interpret coded language used by the alleged co-conspirators. For the following reasons, the examples cited by the Government on pages 9-14 of its brief appear to satisfy Rule 701's requirements. The Court thus GRANTS the Government's motion, provided that the Government lays the necessary foundation at trial to satisfy Rule 701.

1

The Government has represented that in certain instances, a testifying witness will not have participated in the recording about which he is testifying. Absent such participation, the Government intends to establish that the testimony is based on the witness's personal perception as a result of that witness's participation in the charged conspiracy.[1] This is permissible in the Second Circuit, which has held that "direct participation in the . . . activities of the charged enterprise" may sufficiently "afford[] [a witness] particular perceptions of its methods of operation [such that he] may offer helpful lay opinion testimony under Rule 701 even as to co-conspirators' actions that he did not witness directly." *United States v. Yannotti*, 541 F.3d 112, 126 & n.8 (2d Cir. 2008). Defendants contend that the "personal perception" requirement is nevertheless not met unless the witness participated in the particular transaction being discussed on the recording, even if he participated in the charged conspiracy more generally. The Court finds this view to be unduly narrow and without support in the case law. In *United States v. Yannotti*, 541 F.3d 112 (2d Cir. 2008), the district court permitted a cooperating witness to testify about the defendant's participation in a loansharking conspiracy, even though the witness was not a participant on the call about which he testified, and there was no evidence that he had personal knowledge of or had participated in the particular loan being discussed on the call. The Second Circuit affirmed, noting that the testimony met the "personal perception" requirement of Rule 701 because it was derived from the witness's "direct participation in the loansharking activities of the charged enterprise, not on participation in the loansharking activities of some unrelated criminal scheme." *Id.* at 126. Although the witness in *Yannotti* may not have been involved in that particular loan, he could interpret the meaning of words and phrases used on the

---

[1] The Government states that in other instances, the witness either participated in the conversation as to which he will testify, or was directly involved in or otherwise had personal knowledge of the transaction at issue on the recording. Defendants do not dispute that such a foundation would be sufficient to satisfy Rule 701's "personal perception" requirement.

2

call because of his participation in similar loansharking transactions that were part of the conspiracy. Here, as in *Yannotti*, each witness's testimony is based on his participation in the charged conspiracy, which included transactions that were, in relevant part, sufficiently similar, if not identical to, the one(s) about which he is testifying. The majority of testimony that the Government seeks to introduce is intended to explain certain ambiguous and coded language used in the recordings. As the Second Circuit has recognized, "individuals engaging in illicit activities rarely describe their transactions in an open or transparent manner and the government may call witnesses to provide insight into coded language through lay opinion testimony." *Id.*

Defendants argue that to the extent the Government intends to have witnesses explain the meaning of established industry terminology (*e.g.*, "LIBOR", "GIC"), such testimony would be based on specialized training and professional experience, in violation of Rule 701's requirement that the testimony not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702. However, a witness's testimony relating to a limited amount of industry-specific background knowledge, in the course of testifying about the conspiracy, does not make his testimony that of an expert. *See United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 2011 WL 6130812, at *2 (S.D.N.Y. Dec. 7, 2011) (Marrero, J.) ("Where the witnesses' opinion testimony is the product of a 'reasoning process familiar to the average person in everyday life,' the use of specialized vocabulary or reliance upon industry-specific background knowledge in a lay witness's testimony does not trigger the strictures applied to expert testimony under FRE 702.") (citing *Yannotti*, 514 F.3d at 126). Here, the testimony the Government intends to elicit depends primarily on the witnesses' participation in the conspiracy. To the extent that they also testify to a limited extent to the meaning of established industry terminology, such testimony "[does] not depend on the sort of specialized training that scientific witnesses or statisticians rely

3

upon when interpreting the results of their own experiments or investigations," *Yannotti*, 541 F.3d at 126, it is properly within the scope of Rule 701.

Defendants also contend that the witnesses will impinge upon the jury's exclusive province as fact-finders because their testimony will tell the jury what to conclude about the legality of the transactions. Defendants' concerns are premature at this stage. However, the Government is cautioned to adhere to its representation that it will not elicit opinion testimony as to Defendants' subjective intent, motivation, or knowledge.

Finally, Defendants prematurely argue that the testimony should be excluded pursuant to Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice. Should particular questions present such a risk at trial, the Court will entertain objections at that time.

Accordingly, the Court GRANTS the Government's Motion in Limine to Question Cooperating Witnesses about Certain Recorded Conversations. (Dkt. No. 156.)

SO ORDERED.

Dated: New York, New York
July 23, 2012

_____
KIMBA M. WOOD
United States District Judge