UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :
          v.                                                 :
                                                             :
PETER GHAVAMI,                                               :        1:10-cr-01217-KMW
(aka PETER GHAVAMILAHIDJI);                                  :
GARY HEINZ; and                                              :
MICHAEL WELTY,                                               :
                                                             :
                    Defendants.                              :
                                                             :
-------------------------------------------------------------x

# GOVERNMENT'S MOTION TO EXCLUDE CERTAIN AUDIO RECORDINGS OF DEFENDANT'S STATEMENTS

DEIRDRE A. McEVOY              KALINA M. TULLEY
Chief, New York Field Office   JOHN W. VAN LONKHUYZEN
Antitrust Division             JENNIFER M. DIXTON
U.S. Department of Justice     MICHELLE O. RINDONE
                               Trial Attorneys, Antitrust Division
                               U.S. Department of Justice
                               209 South LaSalle Street, Suite 600
                               Chicago, IL 60604
                               (312) 353-7530

The Government submits this Memorandum of Law in Support of its Motion *In Limine* to Exclude Certain Audio Recordings of Defendant Heinz's Statements. Specifically, the defense has indicated that it will seek to offer recordings of Heinz made by witnesses Mark Zaino and Doug Campbell during cross-examination. The Government submits that the statements are inadmissible hearsay and should be excluded from trial if offered by Heinz.

## BACKGROUND

Mark Zaino made approximately fifteen consensual recordings of his conversations with Heinz. Another cooperating witness, Douglas Campbell, made two such recordings of Heinz. Though the Government is not using the audio-recorded conversations at trial, Heinz would like to offer those tapes. The Government expects that Heinz will use the tapes to attempt to show that Heinz made self-exculpatory statements. However, these allegedly self-exculpatory statements are inadmissible hearsay, and must be excluded from trial.

## ARUGMENT

**I.     The Allegedly Exculpatory Statements Constitute Hearsay**

The defense seeks to offer these out-of-court recorded statements to prove the truth of the matter asserted -- that Heinz is not guilty. Consequently, these statements are, by definition, hearsay and are inadmissible. *United States v. Cardascia*, 951 F.2d 474, 486 (2d Cir. 1991). These hearsay statements are not admissible "because traditional conditions of admissibility, including that the witness be present at the trial, testify under oath, and be subject to cross-examination, all of which together permit a jury to evaluate the reliability and trustworthiness of a statement, are not present." *Id.*

1

Furthermore, Heinz's self-exculpatory statements do not fall under any exception to the hearsay rule. Pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence, a defendant's out-of-court statement is not hearsay when offered by the Government. Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay if . . . [it] is offered against a party and is [] the party's own statement"); *see also, e.g.*, *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (stating that under Rule 801(d)(2)(A), a defendant's statement offered by the Government "is not hearsay, because it is simply a statement of the opposing party."). In contrast, Heinz does not have a parallel ability to offer his own statement into evidence. "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and is not admissible." *Id.*; *see also United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of the matter asserted").

II. **No Hearsay Exceptions Apply to Heinz's Out of Court Statements**

  A. **Heinz's Recorded Statements Cannot be Used to Demonstrate Heinz's State of Mind**

Rule 803(3) of the Federal Rules of Evidence recognizes a hearsay exception in limited circumstances for:

> [a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), *but not including a statement of memory or belief to prove the fact remembered or believed* unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3) (emphasis added). "The state of mind exception focuses on the contemporaneity of the statements with the allegedly criminal acts and the unlikelihood

2

of deliberate or conscious misrepresentation." *United States v. Davidson*, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004) (citing *United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991)).

It is well-settled that there are limits to state-of-mind testimony offered by criminal defendants. In *United States v. Cardascia*, for example, the Second Circuit considered a defendant's request to admit his resignation letter to the bank in a prosecution for bank fraud to show his then-existing mental state. The letter was submitted after an audit by the Federal Bank Board began and the defendant frustrated auditors' efforts to obtain information. *Cardascia*, 951 F.2d at 486. In affirming the district court's exclusion of the letter, the Second Circuit Stated that "[t]o admit statements of one's state of mind with regard to conduct that occurred eight months earlier as in this case would significantly erode the intended breadth of this hearsay exception." *See also United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) ("Of course, to the extent that the declarations excluded by the trial court's rulings were not statements exhibiting Lawal's then existing state of mind, but were instead statements of what he or someone else had done in the past, they would be properly excludable as inadmissible hearsay not within the terms of Rule 803(3)").

In the present case, as in *Cardascia*, these recordings are not "forward looking"; the defense is not using the recordings as proof of Heinz's present mental state, but rather, the recordings would be used by the defense to prove Heinz's past allegedly innocent behavior. Rather than trying to show Heinz's present sense impression at the time of the recorded statements, the defense would use the statements to demonstrate that Heinz has no criminal intent at the time he allegedly manipulated bids and engaged in other

3

fraudulent conduct, which is an impermissible use of the state of mind exception. *Cardasia*, 951 F.2d at 488.

While "the likelihood that the declarant is misrepresenting his state of mind is not an additional qualification to the admissibility of state of mind hearsay statements," *id.*, it is significant that these recordings were merely "self-serving attempts to cover tracks already made." *See United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004) (internal quotation marks omitted). As explained more fully below, Heinz's statements on these recordings were made after the motivation to conceal the fraudulent conduct arose. Indeed, as discussed in some of these tapes, when these recordings were made, it was well-known that cooperating witness Campbell got fired from BOA for making gratuitous payments to brokers, including UBS, and there was an internal investigation at UBS in which Zaino was interviewed. In addition, it was known that there were government inquiries into bidding practices in the municipal finance industry, including news reports that federal authorities obtained tapes of investment bankers rigging bids on municipal investment agreements. All of these factors demonstrate that Heinz's out-of-court self-exculpatory statements are neither trustworthy nor reliable and therefore, they should not be admitted.

**B. Heinz's Out-of-Court Recorded Conversations are not Excited Utterances**

The Government believes that the defense will argue that some of Heinz's recorded statements may be admitted as excited utterances under Rule 803(2). This exception applies to statements "relating to a startling event or condition made while declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). "The rationale for this hearsay exception is that the excitement of the event limits the

declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability." *United States v. Tocco*, 135 F.3d 116 (2d Cir. 1998). Again, Heinz's self-exculpatory statements on these recordings do not fit within this narrow exception to the hearsay rule. Just as the recordings do not evidence Heinz's present state of mind, they do not relate to a startling event or condition while Heinz was under the stress of such an event or condition. Heinz was under no pressure to respond to questions posed to him on these calls. *Cf. In re Cornfield*, 365 F.Supp.2d 271, 278 (E.D.N.Y.2004) ("The exception applies where one speaks without the opportunity to reflect on the consequences of one's exclamation.") (internal citations omitted); *see also Hansen v. Smith*, No. 9:04-CV-574, 2008 WL 3925637, at *11 (N.D.N.Y. Aug. 20, 2008) (finding excited utterance exception inapplicable where declarant's "actions belie any claim that [she] was unable to deliberate and reflect."). Thus, the recordings should not be admitted as excited utterances.

### C. Heinz's Out-of-Court Recorded Conversations are not Admissible Under the Residual Hearsay Exception Because there are No "Guarantees of Trustworthiness."

Pursuant to the "residual exception" -- Rule 807 of the Federal Rules of Evidence -- a hearsay statement not specifically covered by Rules 803 and 804 may be admissible if:

1) The statement has equivalent circumstantial guarantees of trustworthiness;

2) It is offered as evidence of a material fact;

3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

4) Admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a). The proponent of the exception must give pre-trial notice to the adverse party of its intent to use a statement. Fed R. Evid. 807(b). The residual

5

exception "is to be used very rarely, and only in exceptional circumstances." *Mitchell v. Hoke*, 930 F.2d 1, 2 (2d Cir. 1991). Further, the party seeking to use the exception "has the burden of demonstrating that [the evidence] is sufficiently reliable to satisfy the particularized guarantees of trustworthiness test." *Brown v. Keane*, 229 F. Supp. 2d 298, 310 (S.D.N.Y. 2002), *vacated on other grounds*, 355 F.3d 82 (2d Cir. 2004).

A key factor courts use in assessing whether a hearsay statement satisfies the "guarantee of trustworthiness" test is whether the declarant had a motive to lie. *Brown*, 229 F. Supp. 2d at 310. Courts in this district have refused to admit hearsay evidence when the declarant had a motive to lie. In *Annunziata v. City of New York*, for example, the court found that recorded conversations between the declarant witness and one of the defendants' lawyers did not reveal a high degree of trustworthiness because the declarant "may have suspected [the conversation] was being taped." *Annunziata v. City of New York*, No. 06 Civ. 7637(SAS), 2008 WL 2229903, at *10 (S.D.N.Y. May 28, 2008). As the declarant had a motive to lie, the court ruled the audio conversation inadmissible under the residual exception. *Id.*

Cases analyzing statements for indicia of trustworthiness in the context of other exceptions to hearsay confirm this reasoning. In *United States v. Brennan*, the Second Circuit affirmed the district court's ruling excluding grand jury testimony under Fed. R. Evid. 801(d)(1)(B) as a prior consistent statement because the declarant "had a motive to lie during the entire period in which he appeared before the grand jury and the trial court." *United States v. Brennan*, 798 F.2d 581, 587 (2d Cir. 1986). Similarly in *United States v. Paulino*, the court affirmed the district court's ruling excluding an out-of-court statement made by the defendant's father in which the father said that the drugs were his

and not his son's drugs. *United States v. Paulino*, 445 F.3d 211, 220 (2d Cir. 2006). To admit the statement pursuant to Federal Rule of Evidence 804(b)(3) as a statement against interest, the defendant needed to show the truth of the statement. *Id.* Since the father "had an obvious motive to lie to protect his son," the court did not find trustworthiness and refused to admit the statement. *Id.*

As stated, the recordings at issue were made after Campbell had been fired for making gratuitous payment to brokers and scrutiny into bidding practices in the municipal finance industry began. Indeed, some of these recordings were made after the Department of Justice's own investigation went overt. Thus, Heinz had significant motivation to lie, which prevents the taped statements from having a sufficient guarantee of trustworthiness. Heinz easily could have suspected that he was being taped based on the subject matter of the conversations, many of which discuss Campbell's gratuitous payments, and in certain instances, the existent media coverage of the Department of Justice's investigation into the relevant market. Certainly, Heinz has not shown, as he must, that the statements overcome the high hurdle of successfully invoking the residual exception.

### III.  Because the Audiotapes Themselves are Inadmissible Hearsay, the Defense Should not be Allowed to Embed the Content of Defendant Heinz's Statements into its Questioning

In *United States v. Check*, the Second Circuit held that "artful phrasing" of questions during examination of witnesses cannot be used to introduce otherwise inadmissible hearsay. *United States v. Check*, 582 F.2d 668, 675 (2d Cir. 1978). In *Check*, the prosecutor carefully limited his questions, and the witness his answers, so that the witness only related what he said to the declarant, and not what the declarant said to

him.  The Second Circuit found that much of that testimony was impermissibly "serving as a transparent conduit for the introduction of inadmissible hearsay information obviously supplied by and emanating from the [declarant]."  *Id.* at 678; *see also United States v. Figueroa*, 750 F.2d 232, 240 (2d Cir. 1984).

Further, "it is well established in [the Second Circuit] that lawyers may not circumvent the Confrontation Clause by introducing the same substantive testimony in a different form . . . [i]f the substance of the prohibited testimony is evident even though it was not introduced in the prohibited form, the testimony is still inadmissible."  *Ryan v. Miller*, 303 F.3d 231, 248-49 (2d Cir. 2002).  The same principle should apply to hearsay objections as well, even if unaccompanied by a Confrontation Clause challenge.

Just as the prosecution cannot use "artful phrasing" to elicit hearsay testimony, neither should the defense be permitted to.  Therefore, the defense should not be permitted to embed the content of the hearsay audiotapes into its cross-examination.

## CONCLUSION

The Government submits that the evidence sought to be admitted by defendants constitutes inadmissible hearsay.  Therefore, the Court should grant the Government's motion to exclude allegedly exculpatory statements contained on the audio tapes.

Dated: August 1, 2012
      New York, New York

Respectfully submitted,

/s/ *Kalina M. Tulley*

| | |
|---|---|
| DEIRDRE A. McEVOY | KALINA M. TULLEY |
| Chief, New York Field Office | JOHN W. VAN LONKHUYZEN |
| Antitrust Division | JENNIFER M. DIXTON |
| U.S. Department of Justice | MICHELLE O. RINDONE |
| | Trial Attorneys, Antitrust Division |
| | U.S. Department of Justice |
| | 209 South LaSalle Street, Suite 600 |
| | Chicago, IL 60604 |
| | (312) 353-7530 |