UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :
          v.                                                 :
                                                             :
PETER GHAVAMI,                                               :       1:10-cr-01217-KMW
(aka PETER GHAVAMILAHIDJI);                                  :
GARY HEINZ; and                                              :
MICHAEL WELTY,                                               :
                                                             :
                    Defendants.                              :
                                                             :
-------------------------------------------------------------x


# REPLY MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO EXCLUDE CERTAIN AUDIO RECORDINGS OF DEFENDANT'S STATEMENTS

| | |
|---|---|
| DEIRDRE A. McEVOY | KALINA M. TULLEY |
| Chief, New York Field Office | JOHN W. VAN LONKHUYZEN |
| Antitrust Division | JENNIFER M. DIXTON |
| U.S. Department of Justice | MICHELLE O. RINDONE |
| | Trial Attorneys, Antitrust Division |
| | U.S. Department of Justice |
| | 209 South LaSalle Street, Suite 600 |
| | Chicago, IL 60604 |
| | (312) 353-7530 |

The Government submits this Reply Memorandum of Law in Support of its Motion *In Limine* to Exclude Certain Audio Recordings of Defendant Heinz's Statements. The defense's strained attempt to introduce these recordings during cross examination should be rejected for two reasons: (1) as explained in the Government's opening brief, the statements are hearsay and do not fall under any exception to the hearsay rule; and (2) they are improper impeachment evidence.

## ARGUMENT

**A. Heinz's Statements are Offered for the Truth and are Inadmissible Hearsay**

The Government expects that the defense will introduce four consensual recordings that Mark Zaino made of Gary Heinz after he began cooperating with the Government in connection with the cross-examination of Zaino. The dates of these recordings are August 16, 2006, October 4, 2006, and November 26, 2006 (two on this date). All of these recordings occurred after news broke that the government obtained tapes showing bid-rigging on municipal bond transactions, and there was significant media attention into bidding practices in the municipal bond industry. The October 4, 2006 recording was made the day after an article was published in the Bond Buyer reporting that gratuitous payments were made to UBS by an alleged co-conspirator. An email published in the article said that the payments were made to help "Mark and Gary." Furthermore, the November 26, 2006 tapes were made after UBS received a grand jury subpoena from the Government, which the evidence will show, was a topic at the Thanksgiving lunch.

In short, the defense is offering Heinz's self-exculpatory statements not as evidence of Heinz's state of mind at the time of the recordings, or as evidence of the questions he

1

put to Zaino during the conversation, but rather, Heinz is using the recordings to prove his innocent conduct.  The recordings will be offered for their truth to show that Heinz had no specific intent to commit fraud by rigging the Massachusetts deal and accepting kickbacks on the transaction.  Indeed, Heinz argues that if certain statements in August 2006 show that he did not believe that BOA paid UBS in connection with transcription that would undermine the Government's theory on Count Six. (Def. Mem. 2)  As explained in the Government's opening brief, when the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and is not admissible." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *see also United States v. Jackson*, 780 F.2d 1305, 1315 (7th Cir. 1986) (district court properly excluded consensual recording to show state of mind when the recording was made after scheme that occurred two years earlier and the government's investigation became overt).

Moreover, the fact that one of these recordings occurred two days after the Thanksgiving lunch at issue in Count Six does not make the statements non-hearsay and probative of Heinz's state of mind at the time of the lunch, when he is alleged to have told Zaino to get his story straight with another person.  These statements are not made contemporaneously with the commission of the alleged crime.  To the contrary, Heinz had sufficient time to reflect after the alleged witness tampering prior to speaking to Zaino again on the taped line.  *Cf. United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) ("[T]he exception under Rule 803(3) is a specialized application of the present sense impression and excited utterance exceptions preceding it in Rule 803. . . ."); Advisory Committee Note to Fed. R. Evid. 803(3) (noting that state of mind exception to

the hearsay rule "is essentially a specialized application" of the present sense impression hearsay exception).

In sum, Heinz cannot rely on self-serving hearsay statements to prove his lack of criminal intent.

### B. The Consensual Recordings Cannot be Used on Cross-Examination to Impeach Mark Zaino

Setting aside the hearsay problem with these recordings, the use of this extrinsic evidence to impeach Zaino is improper impeachment under Fed. R. Evid. 608 and 613. Rule 608(b) permits reference to specific instances of conduct on cross-examination to attack Zaino's credibility.  The defense is free to question Zaino about the number of times and the reasons Zaino made recordings of Heinz.  However, the defense may not introduce the recordings themselves since specific instances of conduct of a witness may not be proved by extrinsic evidence.  Fed. R. Evid. 608(b).  Nor are Zaino's prior statements admissible under Fed. R. Evid. 613, 801(d)(1)(A) and (B) because the foundations for the application of these rules have not been met.  Thus, the defense should not be permitted to introduce these recordings in an attempt to impeach Zaino on cross-examination.

## CONCLUSION

For the reasons stated, the Court should grant the Government's motion to exclude allegedly exculpatory statements contained on the audio tapes.[1]

---

[1] There is no dispute over the authenticity of the consensual recordings.  Note 3 of Heinz's Opposition indicates that the defense was surprised by the Government's present motion regarding their admissibility, but this has been an issue of dispute for some time.  The Government has never indicated that it would agree to the admissibility of these recordings despite their authenticity.  For example, on July 30, 2012, Tr. at 358,the Government explained in open court :

> MS. TULLEY: I just have one more issue I just wanted to bring to your attention.
> This is obviously not under seal. But I believe at the last hearing counsel had raised an issue

Dated: August 6, 2012
       New York, New York

                                                        Respectfully submitted,

| | |
|---|---|
| DEIRDRE A. McEVOY | /s/ *Kalina M. Tulley* |
| Chief, New York Field Office | KALINA M. TULLEY |
| Antitrust Division | JOHN W. VAN LONKHUYZEN |
| U.S. Department of Justice | JENNIFER M. DIXTON |
| | MICHELLE O. RINDONE |
| | Trial Attorneys, Antitrust Division |
| | U.S. Department of Justice |
| | 209 South LaSalle Street, Suite 600 |
| | Chicago, IL 60604 |
| | (312) 353-7530 |

---

about using consensual recordings in some manner when one of our witnesses is on the stand. And we will probably give your Honor a motion or a letter that goes to that, because it didn't seem like it was resolved in court when Mister, I believe Mr. Halpern or Mr. Mukasey brought it up.

4