MEMO ENDORSED

U.S. Department of Justice

Antitrust Division

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/12
```

*Midwest Field Office*

Rookery Building                                    312/353-7530
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604                             FAX 312/353-1046

November 29, 2012

**FACSIMILE TRANSMITTAL**

The Honorable Kimba M. Wood
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   <u>**United States v. Ghavami, et al. 10 CR 1217 (KMW)**</u>

Dear Judge Wood:

        The Government respectfully submits this letter to seek clarification regarding the release of audio transcripts that were displayed in court during the trial of the above matter. As the Court is aware, the audio transcripts were presented to the jury as listening aids during the trial but were not admitted as exhibits. Only the underlying audio recordings themselves were admitted as exhibits. The Government has received a request for the audio transcripts used at trial from Attorney Joshua Barrett on behalf of the State of West Virginia and all plaintiffs in the Municipal Derivatives Antitrust Litigation, MDL: 1950, 08-2516.

        The Court and the parties discussed the release of exhibits prior to trial and agreed that admitted exhibits could be released to the media. (See pages 361-2 of the enclosed trial transcript dated July 30, 2012.) However, the audio transcripts were not addressed. Nonetheless, as the Court indicated, anything that was used in court during trial is in the public domain, apart from anything under seal. The Government believes that the same reasoning governing the release of admitted exhibits applies to the audio transcripts, which were publically displayed in open court during trial, and that the audio transcripts can be released to the third parties requesting the material. In light of the fact that the audio transcripts were covered by the protective order entered on January 10, 2011 (see Doc. 15, which is enclosed), the Government seeks confirmation that the transcripts can be released to the plaintiffs and other requesting parties including the media. In addition, the Government seeks clarification as to whether the exhibits themselves can be disclosed to third parties other than the media.

The Government is in the process of redacting all Government-sponsored exhibits and corresponding transcripts pursuant to Fed.R.Crim.P. 49.1. No exhibits or audio transcripts will be released until the redactions are completed. In addition, with one exception[1], the parties agreed that the Government-sponsored audio transcripts were accurate prior to their presentation at trial. Finally, all requests for exhibits and audio transcripts received from third parties are being processed through the FOIA office of the Antitrust Division.

In summary, the Government requests that the Court clarify that (1) audio transcripts of admitted audio recordings displayed at trial may be released to the media and third parties under the same conditions as admitted exhibits; and (2) admitted exhibits may be released to the media and other third parties. All such exhibits and transcripts shall be redacted pursuant to Fed.R.Crim.P. 49.1 prior to such release.

Respectfully submitted,

*/s/ Kalina M. Tulley*

KALINA M. TULLEY
JOHN W. VAN LONKHUYZEN
JENNIFER M. DIXTON

Trial Attorneys

Enclosures

cc: All counsel *(via email)*

*If any defendant objects to the Court granting this request, a written objection, with authorities, is due 12/5/12.*

12-3-12
SO ORDERED, N.Y., N.Y.

*/s/ Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.

---

[1] The parties disagreed about one word of the audio transcript for Government Exhibit GX-11944 on p. 5, line 9, and both versions of the word (fifteen and fifty) were included in the transcript that was displayed to the jury during the trial.

2