# POE & BURTON PLLC
## THE EXECUTIVE BUILDING
### 1030 15TH STREET, N.W., SUITE 580 WEST
### WASHINGTON, D.C. 20005
WWW.POEBURTON.COM

Tel: (202) 583-2500                                                                                                  gpoe@poeburton.com
Fax: (202) 583-0565

December 10, 2013

The Honorable Kimba M. Wood
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, NY 10007

                             Re:      *United States* v. *Michael Welty*, 1:10-cr-01217-KMW-3

Dear Judge Wood:

       We write on behalf of defendant Michael Welty to supplement his motion for release pending appeal and related filings (Dkts. 404, 405, 418, 439, 443). Yesterday, the court of appeals issued an opinion in *United States* v. *Carollo*, No. 12-4310 (2d Cir. Dec. 9, 2013). The opinion is attached as Exhibit 1. In *Carollo*, the court of appeals reversed the convictions of the three defendants (Dominick Carollo, Steven Goldberg, and Peter Grimm) on the ground that the "indictment is barred by the applicable statutes of limitations." Slip Op. 1. Although the government in *Carollo* relied on a theory relating to the application of a five-year statute of limitations, and Mr. Welty's case involves a theory relating to the application of a 10-year statute of limitations (which appeared for the first time in the superseding indictment), the *Carollo* opinion is relevant to Mr. Welty's argument that a substantial question exists with respect to the timeliness of the charges in this case.[1]

---

[1] Peter Grimm's conviction on Count 4 of the indictment in *Carollo* was one of the convictions reversed by the Second Circuit. The conduct alleged in that count is virtually a mirror image of the conduct alleged in Count 4 of the superseding indictment against Mr. Welty. Solely because the government chose to pursue different statute of limitations theories in the two cases, the government has created a situation in which Count 4 against Mr. Grimm now has been dismissed and Mr. Grimm is free, while the government seeks both affirmance and Mr. Welty's immediate incarceration pending appeal on the corresponding Count 4 conviction in this case. We note that Mr. Grimm was incarcerated for nearly one year. Judge Harold Baer, Jr., denied his motion for release pending appeal. Dkt. 8-3, Page ID: 7, No. 12-4310. The court of appeals affirmed that denial in a one-sentence order. Dkt. 72, No. 12-4310. The basis for Mr. Grimm's unsuccessful motion for release pending appeal in both the district court and the court of appeals was identical to the basis on which he ultimately prevailed in the court of appeals. Dkt. 8, No. 12-4310.

POE & BURTON PLLC

The Honorable Kimba M. Wood
December 10, 2013
Page 2


In its opposition to Mr. Welty's motion for release pending appeal (Dkt. 417), the government attempted to distinguish *United States* v. *Ubakanma*, 215 F.3d 421 (4th Cir. 2000), on the asserted ground that the financial institutions in Mr. Welty's case, unlike in *Ubakanma*, "were participants in the fraud." Dkt. 417 (Opp. 7); see also Dkt. 418 (Reply Br. 6-7). The *Carollo* opinion shows why that assertion is unsubstantiated. In *Carollo*, as Judge Kearse's dissent states, the jury was instructed specifically that "'the government must prove that there was a mutual agreement among the defendant under consideration and at least one other person, <u>together with the respective corporate provider</u> and the broker that they represent, <u>to cooperate with each other to accomplish the objectives of each charged conspiracy</u>.'" Slip Op. 5 (Kearse, J., dissenting) (emphasis in opinion). The panel majority, although disagreeing with Judge Kearse's ultimate conclusion, agreed that "GE was (necessarily) found to be a co-conspirator[.]" Slip Op. 16 n. 5.

In Mr. Welty's case, in contrast, no jury finding or evidence of misconduct by the relevant financial institutions exists in the trial record. The jury was not instructed that the government must prove that a financial institution was a co-conspirator. Nor did the stipulation between the parties (S-4) that "each offense charged in the above-captioned matter, if proven beyond a reasonable doubt to have occurred, affected a financial institution for purposes of 18 U.S.C. §3293(2) and 18 U.S.C. §1343[,]" constitute evidence that a financial institution was a participant in fraudulent conduct.

What is more, the "necessar[y]" finding in *Carollo*, given the specific jury instruction in that case, that the financial institution (GE) was a co-conspirator (Slip Op. 16 n. 5) undercuts the government's argument in this case that the settlement agreements and deferred prosecution agreements support its construction of the statute with respect to whether the charged conduct created a risk of loss or actual loss. As we have argued (Dkt. 405 at 10-11; Dkt. 418 at 7-9), the government's interpretation of the "affects a financial institution" language in 18 U.S.C §§ 1343, 3293(2), cannot be correct because it would make the operation of the statute of limitations turn on fortuities that are unrelated to the conduct at issue.

POE & BURTON PLLC

The Honorable Kimba M. Wood
December 10, 2013
Page 3

      At a minimum, we respectfully submit, the questions that we have raised are substantial, and the *Carollo* opinion, although it addressed a different statute of limitations issue, supports our motion for release pending appeal on behalf of Mr. Welty.[2]

Sincerely,

*Gregory L. Poe* (signature)

Gregory L. Poe

Enclosure

cc:    Kalina M. Tulley
        John L. Van Lonkhuyzen
        Jennifer M. Dixton
        Charles A. Stillman
        James A. Mitchell
        Marc L. Mukasey
        Jonathan N. Halpern
        Preston Burton

---

[2] We continue to review the Second Circuit's opinion in *Carollo* with respect to its application to Mr. Welty's case and reserve all arguments relating to *Carollo*. Gary Heinz also has filed a motion for release pending appeal and argues that a substantial question exists with respect to the applicable statute of limitations in this case. Mr. Heinz joins in this letter.